UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ARYON SHULICK,

        Petitioner,        Case No. 1:05-cv-333

v.        Honorable Gordon J. Quist

KENNETH McKEE,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner originally was sentenced to a term of imprisonment of 30 to 50 years, imposed by the Charlevoix County Circuit Court on February 20, 2002, after a jury convicted Petitioner of second-degree murder, MICH. COMP. LAWS § 750.317. Petitioner was resentenced on September 17, 2004, and he currently is serving a term of 25 to 50 years. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON MANSLAUGHTER.

    II.    DEFENDANT WAS DENIED DUE PROCESS BY PROSECUTORIAL MISCONDUCT AT TRIAL.

Respondent has filed an answer to the petition (docket #7) stating that the grounds should be denied because they are noncognizable state law claims which have no merit or are procedurally defaulted. Upon review and applying the AEDPA standards, I find that both grounds are without merit. Accordingly, I recommend that the petition be denied.

## Procedural History

### A. Trial Court Proceedings

The state prosecution arose from the stabbing death of Scott Cook on April 29, 2001. The state court summarized the relevant facts as follows[1]:

> This case arises out of the stabbing death of the victim Scott Cook. It is undisputed that the victim and defendant, who were not acquaintances of one another, had both consumed substantial quantities of alcohol before the incident. On the evening of April 29, 2001, the victim and a group of acquaintances traveled on four different boats to the marina in Charlevoix. After a night of drinking and socializing, the victim and several others were sitting on one of the boats docked in the marina when defendant approached. After being asked to leave, an altercation ensued between one of the victim's friends and defendant. Defendant then proceeded to run back to his apartment, which was only a few blocks away, grab a knife and return to the marina. Once back at the marina, defendant began to apologize for the earlier confrontation, and the victim, who had gone back to his own boat by this time, got off his boat and approached the [defendant]. Apparently, the victim then escorted defendant off the dock and defendant stabbed the victim.

(11/4/03 Mich. Ct. App. Opinion (MCOA Op.) at 1, docket #17.) Petitioner was charged with one count of first-degree murder. He was tried before a jury beginning January 15, 2002, and concluding February 10, 2002.

At the conclusion of trial, following two full days of deliberations, the jury found Petitioner guilty of second-degree murder. (Tr. X 20-21, docket #44.) On February 20, 2002, Petitioner was sentenced to serve a term of imprisonment of 30 to 50 years. (Sentencing Transcript, ("S. Tr."), 57-58, docket #45.)

---

[1] Although I have fully reviewed the trial record, a complete recitation of the facts is not necessary for the resolution of Petitioner's claims.

### B.  Direct Appeal

Petitioner appealed as of right to the Michigan Court of Appeals.  His brief, which was filed by counsel on October 15, 2002, raised the first issue presented in this application for habeas corpus relief, as well as a multi-pronged challenge to his sentence.  (*See* Def.-Appellant's Br. on Appeal, docket #17.)   Petitioner filed a pro per supplemental brief on appeal on April 29, 2003, raising the second issue presented in this habeas petition.  (*See* Def.-Appellant's Supp. Br. on Appeal, docket #17.)  By unpublished opinion issued on November 4, 2003, the Michigan Court of Appeals rejected both issues raised in this habeas application, but found multiple sentence scoring errors and remanded the case for resentencing.  (*See* 11/4/03 MCOA Op., docket #17.)

Petitioner sought leave to appeal in the Michigan Supreme Court.  Petitioner raised the same three claims raised before the Michigan Court of Appeals.  By order entered May 28, 2004, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed.  (*See* Mich. Ord., docket #18.)

On September 17, 2004, the trial court resentenced Petitioner to a term of 25 to 50 years. (Resent. Tr. at 27, docket #46.)  Petitioner again appealed his sentence, asserting that the trial court had erred in departing upward from the sentencing guidelines.  In an unpublished decision issued March 21, 2006, the Michigan Court of Appeals affirmed the sentence.  The Supreme Court denied leave to appeal on August 29, 2006.

On May 10, 2005, while his appeal from the new sentence was pending, Petitioner filed the instant habeas action.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time

[the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir.

1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### Discussion

I.  Failure to Instruct on Lesser Included Offenses

In his first ground for habeas relief, Petitioner contends that the trial court erred when it refused to instruct the jury on the lesser included offenses of voluntary and involuntary manslaughter. In the state courts, Petitioner's claim was argued solely as a question of state law. In his brief in support of his habeas application, Petitioner attempts to craft his claim in constitutional terms, arguing that he is actually innocent of second-degree murder and that he was denied his right to due process under the Fifth and Fourteenth Amendments when the trial court declined to give the instructions for manslaughter.

First, Petitioner's claim was not exhausted in the state courts. In both the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner presented his claim solely as one of state law. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Petitioner claims that he is innocent of second-degree murder. Actual innocence may excuse the exhaustion requirement only when the petitioner presents an extraordinary case. *See*

*Schulp v. Delo*, 513 U.S. 298, 327 (1995); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Rust*, 17 F.3d at 162. Petitioner does not offer new evidence to show his innocence. Indeed, he does not argue that he is innocent of a crime, only that his offense should have been considered to be manslaughter rather than second-degree murder. Regardless, the issue of actual innocence need not be addressed in these circumstances. Where an unexhausted claim clearly lacks merit the court need not require exhaustion before denying the petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Because Petitioner's claim lacks merit, the Court will address the claim without first requiring exhaustion in the state courts.

The Sixth Circuit Court of Appeals, sitting en banc, has held that the failure to give an instruction on a lesser-included offense, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc). The *Bagby* Court held that failure to instruct on lesser-included offenses in a noncapital case is reviewable in a habeas corpus action only if the failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Id.*; *accord Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007) (holding that, in a murder case, due process does not require a jury instruction on the lesser included offense of voluntary manslaughter); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002) (same); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (involuntary manslaughter instruction not required by due process); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (voluntary manslaughter instruction not required); *Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001) (same); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001) (same). Shortly after the Sixth Circuit decision in *Bagby*, the

Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)). Instead, the only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 14 (1973)), *cited in Todd*, 40 F. App'x at 29. Here, there is no miscarriage of justice or fundamental defect in due process. Furthermore, no clearly established Supreme Court authority requires lesser-included-offense instructions in non-capital cases. Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), this claim is not a basis for habeas relief. *Todd*, 40 F. App'x at 28 (citing *Estelle*, 502 U.S. at 71-72).

    B.  <u>Prosecutorial Misconduct</u>

    In his second ground for habeas relief, Petitioner argues that the prosecutor engaged in misconduct that deprived him of his right to a fair trial under the Due Process Clause. In the state court, Petitioner raised a lengthy series of incidents of alleged misconduct, each which the court of appeals addressed, as follows:

> Finally, defendant argues that he was denied due process by the prosecutor's misconduct at trial. The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 620 NW2d 411 (2001). Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the pertinent portion of the record and evaluate a prosecutor's remarks in context. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). The propriety of a prosecutor's remarks depends on all the facts of the case. *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2002). Even if there was error, the error is not a ground for reversal unless, after an examination of the entire case, it affirmatively appears that it is more probable than not that the error was outcome determinative, and defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice. *People v Brownridge (On Remand)*, 237 Mich App 210, 216; 602 NW2d 584 (1999).

Defendant raises numerous allegations of prosecutorial misconduct, none of which require reversal. Defendant claims that the prosecutor continuously attempted to improperly solicit hearsay testimony that was continuously objected to by defense counsel. However, a finding of misconduct may not be based on a prosecutor's good faith effort to admit evidence. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). A review of the entire record shows that, while the trial court did sustain several of defense counsel's objections, the prosecutor's questions were asked in a good faith attempt to admit evidence. There is no evidence the prosecutor's conduct denied defendant a fair trial.

Defendant claims that the prosecutor improperly questioned witnesses and attempted to question witnesses about the emotional state of other witnesses. Defendant also claims that the prosecutor mischaracterized testimony and attempted to argue facts not in evidence. However, many of the questions asked were an attempt by the prosecutor to admit evidence. Again, while many of defense counsel's objections were sustained by the trial court, defendant has not shown the requisite prejudice to require reversal.

Defendant also claims that the prosecutor failed to follow proper procedure in preserving evidence. From a review of the record, it appears that the prosecutor may have been somewhat inexperienced at some aspects of trial procedure. However, defendant has not argued that any evidence was improperly admitted because of the prosecutor's conduct. Defendant has not shown he was prejudiced by the fact that the jury heard or saw evidence before the appropriate steps for admission were complete. Therefore, reversal is not warranted on this basis.

Finally, defendant claims that the prosecutor committed numerous acts of misconduct during closing arguments. Defendant admits on appeal that defense counsel did not object to any of this alleged misconduct. Appellate review is precluded if the defendant failed to timely object unless an objection could not have cured the error of a failure to review would result in a miscarriage of justice. *People v. Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). A miscarriage of justice will not be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely objection. *Watson*, *supra* at 586.

Defendant asserts the prosecutor improperly argued facts not in evidence. A prosecutor is free to argue the evidence and all reasonable inferences arising from the evidence as they relate to the prosecution['s] theory of the case, *Schutte*, *supra* at 721, and a prosecutor need not use the least prejudicial evidence available to establish a fact at issue or state the inferences in the blandest terms possible, *Aldrich*, *supra* at 112. Here, the prosecutor's arguments were based on inferences from the evidence presented. We find no error. Moreover, any error could have been cured by a timely objection and instruction; thus, any error does not require reversal.

>    Defendant asserts that the prosecutor improperly attacked defendant's credibility and accused defendant of lying and tailoring his testimony to the other testimony received at trial. However, a prosecutor's comment in closing argument that a defendant's presence at trial gives the defendant the opportunity to fabricate or conform his testimony does not constitute error warranting reversal, but instead may be proper comment on credibility. *People v. Buckey*, 424 Mich 1, 14-16; 378 NW2d 432 (1985). Further, most of the prosecutor's arguments were in response to theories raised by defense counsel, and thus, were proper. *Watson*, *supra*.
>
>    Defendant also asserts that the prosecutor attempted to infer that she had personal knowledge of the facts. However, defendant takes the prosecutor's comments out of context, and a reading of the statements in context demonstrates that the prosecutor did not infer that she had personal knowledge, but instead argued what the evidence demonstrated. Regardless, any error could have been cured by a timely objection.
>
>    This was a hotly contested and emotional trial. While defendant makes many assertions of error on the part of the prosecutor, and many of defense counsel's objections to the prosecution's conduct at trial were sustained, on appeal, defendant fails to demonstrate that he was prejudiced by any of the errors in that reversal is required. Regardless of any errors, after a review of the entire case, it does not affirmatively appear more probable than not that any of the alleged errors were outcome determinative.

(11/4/03 MCOA Op. at 5-7, docket #17.)

In his brief in support of his habeas petition, Petitioner raises only two of the alleged instances of prosecutorial misconduct presented to and rejected by the Michigan courts: (1) the prosecutor improperly asked Petitioner whether he had been present during the preliminary examination testimony of prosecution witnesses and during their testimony at trial; and (2) the prosecutor improperly commented during closing arguments that Petitioner had been present during the prosecution's case, implying that Petitioner had the opportunity to fabricate his testimony to conform with the evidence.[2]

---

[2] The petition states that the prosecutorial misconduct claim "is further developed in petitioner's affidavit." (Pet. ¶ 12(B).) Petitioner, however, has not filed an affidavit in this court, only a brief in which he raises the two arguments.

In order for a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). In evaluating the impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. *See id.* at 12-13 (1985); *Darden*, 477 U.S. at 181-82; *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935).

Petitioner argues that the prosecutor violated his right to due process by questioning him about his presence during the testimony of other witnesses (Tr. VII at 134-35) and then arguing to the jury that he had the ability to tailor his testimony to conform with the other evidence (Tr. VIII, 57.) Petitioner objected to the prosecutor's cross-examination of Petitioner on the point, but was overruled. (Tr. VII, at 134.) However, Petitioner did not object to the prosecutor's closing argument. (Tr. VIII, 57.)

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine

whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

The Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection rule in denying Petitioner's claim. It is clear that the contemporaneous objection rule was well-established at the time of Petitioner's trial. *See, e.g.*, *People v. Kelly*, 423 Mich. 261, 271 (1985). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 385 (2002). Petitioner's failure to comply with the state's independent and adequate state procedural rule, *i.e.*, making a contemporaneous objection, caused him to default his claims in state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Lancaster*, 324 F.3d at 437; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). Further, even when the state court reviews the issue under a manifest injustice standard or to prevent a miscarriage of justice, Petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *see also Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998) (citing *Harris*, 489 U.S. at 264 n.10). Accordingly, review by this court ordinarily is barred unless Petitioner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 485.

The United States Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *Hudson v. Jones*, 351 F.3d 212, 215 (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.")). Here, because the issue patently lacks merit, I will forego the procedural default analysis.

In support of his argument, Petitioner cites a variety of Michigan Court of Appeals decisions. *See People v. Buckley*, 133 Mich. Ct. App. 158, 164 (1984) (holding that a prosecutor's comments to the jury that a defendant's presence in the courtroom provided him the opportunity to fabricate evidence impermissibly infringed on a defendant's Fifth and Sixth Amendment rights) (citing *People v. Fredricks*, 335 N.W.2d 919 (1983)). Petitioner's cited cases, however, are no longer persuasive, even under Michigan authority. The Michigan Supreme Court reversed the *Buckley* decision and overruled the remaining cases on which Petitioner relies, holding that such prosecutorial comments constituted proper challenges to a defendant's testimony. *See People v. Buckley*, 378 N.W.2d 432 (1985).

Moreover, as I previously have discussed, the appropriate consideration on habeas review is the clearly established authority of the United States Supreme Court, not decisions of the lower federal courts or the state courts. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412. Here, Petitioner's argument is contrary to the clearly established holdings of the Supreme Court.

In *Portuondo v. Agard*, 529 U.S. 61 (2000), the Supreme Court squarely addressed the issue presented by Petitioner. The Court held that a prosecutor's comments on a defendant's ability to listen to the testimony of other witnesses and tailor his testimony to conform with those

witnesses constitutes a proper attack on the defendant's credibility and does not violate the defendant's Sixth Amendment right to be present at trial, his Fifth and Sixth Amendment rights to testify in his own behalf, or his Fourteenth Amendment right to due process. *Id.* at 73-75. The Court expressly held that no "constitutionally significant" distinction exists between cross-examination on the issue and the use of the argument during summation; both are proper challenges to the defendant's credibility. *Id.* at 72-73.

The Supreme Court's decision in *Portuondo* entirely forecloses Petitioner's second argument on habeas review. As a consequence, the state-court determination that the prosecutor had not engaged in misconduct was fully consistent with applicable Supreme Court authority.

## **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.


Dated:  June 17, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).